DANIEL G. KNAUSS
United States Attorney
District of Arizona
REESE V. BOSTWICK
Arizona State Bar No. 009934
Assistant U.S. Attorney
405 West Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
reese.bostwick@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>2331.6 g. rough diamonds;<br>One rough-cut diamond weighing 1.4 g.,<br><br>　　　　　Defendants. | **COMPLAINT FOR FORFEITURE<br>IN REM** |

COMES NOW the United States of America, by and through its attorneys Daniel G. Knauss, United States Attorney for the District of Arizona, and Reese V. Bostwick, Assistant U.S. Attorney, in the civil cause of forfeiture and alleges on information and belief:

1. That this is a civil action in rem against 2331.6 grams of rough diamonds and one rough-cut diamond weighing 1.4 grams (defendant property) brought to enforce the provisions of 1) 18 U.S.C. § 545 for the forfeiture of merchandise which was fraudulently or knowingly imported into the United States contrary to law; and 2) 19 U.S.C. §1595a(c)(1)(A) for the forfeiture of merchandise which was introduced or attempted to be introduced into the United States contrary to law.

2. That this Court has jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

3. That this Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b).

4. That Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395 because the property is located in this district

5. That the defendants 1) are merchandise that were smuggled, or clandestinely introduced into the United States and which should have been invoiced and were made out or passed through a customhouse with a false, forged or fraudulent invoice or other document or paper in violation of 18 U.S.C. § 545; and 2) are merchandise that were knowingly imported contrary to law, or were received, concealed, bought or sold after importation into the United States in violation of 18 U.S.C. § 545, all as appears in the attached affidavit of U.S. Immigration and Customs Enforcement Senior Special Agent John W. Juhasz, Jr., attached hereto, and is, therefore, subject to forfeiture to the United States as alleged in paragraph one.

6. That the defendant property was seized in Tucson, Arizona and is presently within the jurisdiction of this Court and will remain therein throughout the course of these proceedings.

7. In January 2007, U.S. Immigration and Customs Enforcement began an investigation into the illegal sale of diamonds during the annual Tucson Gem and Mineral Show in Tucson, Arizona. On February 3, 2007, undercover special agents purchased a 1.4g rough-cut diamond from Kouyate Saoud, a national of Guinea. The diamond was purchased at the Motel 6, 960 South Freeway Road, Room #214, Tucson, Arizona. Present in the Motel 6 room during the undercover purchase were Special Agents John W. Juhasz, Jr. and Jolanta B. Armstrong, Saoud Kouyate and his associates Maliki Mohamed Diane, a U.S. citizen and Demba Jobe, a national of Gambia.

Saoud stated to the undercover agents during the buy that he smuggles the diamonds into the United States if they are few in number, or misclassifies them if he is importing them in large numbers. Saoud stated that if he has a large quantity going through the mail, he misclassifies the diamonds as different rough stones. Saoud told agents that he was expecting a package to arrive that afternoon containing more rough-cut diamonds and they would be available for

1  purchase after 5:00 p.m. that day. Agents scheduled a meeting the following morning, February
2  4, 2007, to examine and consider purchasing additional diamonds.
3       After the undercover sale, expert gemologist Dr. Charles Carmona, G.G., A.S.A., verified
4  that the stone purchased from Saoud was indeed a diamond. In anticipation of the scheduled
5  meeting on February 4th, ICE agents obtained a search warrant from U.S. Magistrate Judge
6  Charles R. Pyle for Motel 6 room number 214.
7       On Sunday, February 4, 2007, undercover agents arrived at SAOUD's hotel room in order
8  to view his new shipment of rough-cut diamonds. Once the diamonds were displayed for
9  undercover agents, other ICE agents entered the hotel room and subsequently began executing
10 the search warrant.
11      As a result of the search warrant, ICE agents seized approximately 11,665 carats of
12 rough-cut diamonds (about two kilos) out of room 214. The estimated value of the seizure is
13 approximately $240,000.
14      Saoud stated the diamonds were not his, and that he was not responsible for their
15 importation into the U.S. Maliki Diane was also present in the room and told agents the stones
16 belonged to him. He stated that he imported approximately 10,000 to 12,000 carats of un-cut
17 diamonds. He stated that he listed the diamonds on customs paperwork as miscellaneous colored
18 stones and stated that he did not need the Kimberley Process Certification Scheme (KPCS).
19 DIANE stated that he purchased the diamonds from a mine in Zimbabwe. DIANE said that
20 Zimbabwe is not part of the KPCS. DIANE said that he then flew them to Thailand, and from
21 Thailand he flew to Amsterdam.
22      Government records and databases show that on January 27, 2007, Maliki Diane flew into
23 the United States through John F. Kennedy Airport in New York City. He flew in on Royal
24 Dutch Airlines flight # 643 originating in Amsterdam-Schiphol. He declared to U.S. Customs
25 and Border Protection Inspectors the following: Mixed parcel of rough color stones valued at
26 $2,000.00 and $54,000.00 in United States Currency.
27
28                                             3

Government records and databases show that on January 30, 2007, Saoud flew into the United States through John F. Kennedy Airport in New York City. He flew in on Egypt Air flight # 985 originating in Cairo, Egypt. Per his declaration, he declared rough stone samples valued at $700.00.

8. That the United States and claimant, Maliki Diane, have reached an agreement, the terms of which are embodied in a Stipulation for Forfeiture. Pursuant to the terms of that agreement, the parties have agreed to the forfeiture of the defendant property described herein, after the appropriate procedural steps are taken.

Wherefore, plaintiff prays that due process issue to enforce the forfeiture of the defendant property; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; and prays that the defendant property be condemned and forfeited to the United States of America, and delivered to the custody of the United States Customs and Border Protection for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted this 23rd day of May, 2007.

DANIEL G. KNAUSS
United States Attorney
District of Arizona

s/ Reese V. Bostwick

REESE V. BOSTWICK
Assistant U.S. Attorney

## VERIFICATION

I, Senior Special Agent John W. Juhasz, Jr., hereby verify and declare under penalty of perjury that I am a Special Agent with the U.S. Immigration and Customs Enforcement, that I have read the foregoing Complaint for Forfeiture In Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my case, together with others, as a Special Agent of the U.S. Immigration and Customs Enforcement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: May 23, 2007

John W. Juhasz, Jr.
Senior Special Agent
U.S. Immigration and Customs Enforcement